FILED
CLERK

8/2/2016 8:53 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ANTOINE SMILEY, #311050,

                                Plaintiff,

         -against-

SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE, SHAUNA KERR, Assistant District Attorney;
DONALD A. MATES, JR., Defense Attorney;

                               Defendants.
----------------------------------------------------------------------X

**ORDER**
16-CV-2536 (JMA)(AYS)

**AZRACK, District Judge:**

On May 16, 2016, incarcerated pro se plaintiff Antoine Smiley ("plaintiff") filed a complaint in this Court against the Suffolk County District Attorney's Office ("the SCDA"), Assistant District Attorney Shauna Kerr ("ADA Kerr"), and Donald A. Mates, Jr. ("Mates" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed in forma pauperis. The court grants plaintiff's request to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)−(iii), 1915A(b)(1)−(2) for the reasons that follow.

## I.   BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. Plaintiff alleges the following, in its entirety:

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

> On the date of Dec. 9th, 2015 I was assigned to Defense Attorney Mr. Donald A. Mates, Jr., Esq. At our first visit (Jan. 12, 2016), I explained to Attorney Mr. Mates, Jr., the violations of my due process of law rights; speedy trial rights and not having a true bill of indictment. On Jan. 15, 2016 and Jan. 27, 2016, I asked Mr. Mates (Attorney) as well as ADA Mrs. Kerr for a copy of the true bill of indictment. On Jan. 28, 2016, my attorney Mr. Mates came and brought a "wet ink" document of a foreperson signature with something he printed out on the computer to say this was a true bill of indictment. I have the "original" of the forged "wet ink" document. I have been seeking trial for 10 months and ADA Mrs. Kerr continues to stall with illegal procedures. On Feb. 3, 2016, ADA Kerr says on record that no signatures on the alleged indictments because ADA Mrs. Kerr stated there's a secret indictment. There's no such thing as a secret indictment on domestic violence charges.

(Compl. ¶ IV.)

Although plaintiff does not allege that he has suffered any injuries as a result of the foregoing (see id. ¶ IV.A), plaintiff seeks to recover, inter alia, a monetary damages award in an unspecified sum in addition to his "liberty [sic] (i.e. freedom)." (Id. ¶ V.) Plaintiff also seeks to have criminal charges brought against D.A. Spota and ADA Kerr in addition to the entry of a "cease and detest [sic] order from any further injury or action against [plaintiff]." (Id.)

## II.  DISCUSSION

### A.  In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B.  Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any

2

portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not plead specific facts; rather the complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

3

do.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a § 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law[.]"  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)) (internal quotation marks omitted).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**1.     Plaintiff's Claims Against the SCDA and ADA Kerr**

"The Eleventh Amendment prohibits individuals from suing the District Attorney's Office, an arm of the state, for damages under 42 U.S.C. § 1983 arising from prosecutorial decisions." Quiles v. City of New York, No. 01-CV-10934, 2002 WL 31886117, at *2 (S.D.N.Y. Dec. 27, 2002); Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.") (internal quotation marks omitted)); Woodward v. Office of

Dist. Atty., 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010) (holding that "the District Attorney's Office is not a suable entity"). Therefore, plaintiff's claim against the SCDA is barred by the Eleventh Amendment and must be dismissed.

Moreover, the Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). "It is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." Mamot v. Board of Regents, 367 Fed. App'x 192 (2d Cir. 2010) (citations omitted). Where, such as here, an assistant district attorney is sued for damages in her official capacity, immunity under the Eleventh Amendment may attach to bar the suit, as the suit is construed as being against the State of New York. See Amaker v. N.Y. State Dept. of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993)) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities)). Thus, the Eleventh Amendment precludes any claim for monetary damages against ADA Kerr in her official capacity. See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

However, suits against state officials in their official capacities are permitted for prospective injunctive relief to stop ongoing violations of federal law. Mary Jo C. v. New York State & Local Ret. Sys., 707 F.3d 144, 166 (2d Cir. 2013). Thus, to the extent plaintiff seeks prospective injunctive relief against ADA Kerr—namely, release from custody, criminal charges against D.A. Spota and ADA Kerr, and prevention of further prosecution of plaintiff—such claims are not barred by the Eleventh Amendment. However, Section 1983 does not provide such relief. See, e.g., Allen v. New York State, 15-CV-3653, 2015 WL 6507477, at *5 n.2 (E.D.N.Y. Oct. 27,

5

2015) ("Insofar as the complaint may be liberally construed as seeking plaintiff's release from incarceration, such relief is unavailable under Section 1983." (citation omitted)); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person).

Furthermore, ADA Kerr is shielded from suit in an individual capacity by absolute prosecutorial immunity. It is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks and citations omitted). "Once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive." Id. at 237. Here, plaintiff's claims relate solely to the actions of these defendants in "pursuing the prosecution" and thus are barred by prosecutorial immunity. Accordingly, plaintiff's claims against the SCDA and ADA Kerr are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)−(iii), 1915A(b)(1)−(2).

### 2. Plaintiff's Claim Against Mates

As noted above, in order to state a Section 1983 claim, a plaintiff must allege, inter alia, that the conduct challenged was "committed by a person acting under color of state law." Cornejo, 592 F.3d at 127 (citation omitted). Here, Mates is alleged to be plaintiff's criminal defense attorney in an underlying state court prosecution. Plaintiff does not allege whether Mates was privately retained or appointed by the Court. However, such distinction is of no moment because a "public defender does not act under color of state law when performing a

6

lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65−66 (2d Cir. 1997). Thus, because Mates is a private actor, he does not act under color of state law. However, a private actor, such as Mates, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Id. at 323−24.

To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324−25. Here, plaintiff has not alleged any facts from which the Court could liberally construe joint action by Mates with a state actor or that he conspired with a state actor to deprive plaintiff of some constitutional right. Thus, plaintiff has not alleged a plausible conspiracy claim.

Because Mates is not a state actor, there is no legal basis for a Section 1983 claim against him. See, e.g., Polk County, 454 U.S. at 325. Accordingly, plaintiff's Section 1983 claim against Mates fails as a matter of law and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(2).

**D.  Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when

7

a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 16-CV-2536(JMA)(AYS), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the complaint is sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. **Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 16-CV-2536(JMA)(AYS), and be filed within thirty (30) days from the date of this Order.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

**SO ORDERED.**

Dated: August 2, 2016
Central Islip, New York

                                                             /s/ JMA
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE